**AFFIRMED and Opinion Filed October 29, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-01143-CV
_____

**KATHERINE HOPKINS AND CHRISTOPHER GUETA, Appellants**
**V.**
**ROBERT MICHAEL PHILLIPS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-13853**

# MEMORANDUM OPINION

Before Justices Burns, Whitehill, and Schenck
Opinion by Justice Whitehill

The sole issue in this case is whether the trial court abused its discretion by denying a motion for new trial based on allegedly incurable improper jury argument attacking opposing counsel's honesty. Appellants, however, did not object or move for an instruction to disregard the argument, but rather, chose to address the comment during rebuttal. Because the argument was not so inflammatory and prejudicial as to be incurable, we conclude that the trial court did not abuse its discretion by denying appellants' new trial motion and affirm the trial court's judgment.

## I. BACKGROUND

Robert Phillips was involved in an automobile accident with Katherine Hopkins and Christopher Gueta (together, Hopkins unless otherwise indicated) who subsequently sued him for negligence and negligence per se. Phillips accepted liability, and damages were tried to a jury.

During voir dire, Hopkins's counsel told the jury: "Because one of the most important things I want to share with you is, what I say is not evidence, and what defense counsel says is not evidence. Only what the Judge allows and a document is evidence or testimony is considered evidence. What we say is not."

But Hopkins's counsel then added:

Despite that, I'll make a pledge to you, everything I tell you will be 100-percent accurate and truthful. I have been known to make a mistake. If I make that mistake, I'll own it in closing argument at the end of the case.

Later, during closing argument, Phillips's counsel argued:

Do you remember the pledge that Plaintiffs' counsel made to you before this trial started? If there was a mistake, he would own it.

Okay. So, let's look at that. He puts up on that overhead what my client says, "I'm responsible for the damages." For the accident, yes. But what he doesn't remind you of, he also asked my client, "Do you know what their injuries are, what their treatments are?" He had no idea. So, to insinuate that my client is going to say, "I accept all of this," is ridiculous. That's dishonest."

Hopkins's counsel did not object or move the court for an instruction to disregard. Instead, Hopkins's counsel addressed the "dishonest" comment in his closing rebuttal. Specifically, he suggested that Phillips's counsel was engaging in a "head fake," by "assassinating" him, calling Hopkins a liar and calling Dr. Bartholomew (the treating physician) a creep. Hopkins's counsel also suggested that Phillips's counsel was not being honest, saying, "It's a spin. It's not truthful. Trust your notepads. Trust your memory." Finally, counsel said, I have not misrepresented anything here to you today, and I resent any—as an Officer of the Court I resent that implication."

The jury returned a verdict awarding $6,000 to Gueta and $11,000 to Hopkins and the trial court entered a final judgment.

Hopkins moved for a new trial on two grounds (only one of which is argued here), which motion was denied by operation of law. The trial court entered a final judgment from which Hopkins now appeals.

Hopkins's sole argument is that the trial court erroneously denied the motion for new trial because the improper argument was incurable.

## II.  ANALYSIS

### A.      Standard of Review and Applicable Law

We review a trial court's denial of a new trial motion for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam).  Because control over counsel during closing argument is within the trial court's discretion, that control will not be disturbed on appeal without a clear showing of abuse of that discretion. *See Duke v. Jack in the Box E. Div., L.P.*, No. 14-15-00798-CV, 2017 WL 2561245, at *2 (Tex. App.—Houston [14th Dist.] June 13, 2017, pet. denied) (mem. op.).

Improper jury argument can be "curable" or "incurable." *See PopCap Games, Inc. v. MumboJumbo, LLC,* 350 S.W.3d 699, 721 (Tex. App.—Dallas 2011, pet. denied).  A jury argument is curable if the harmful effect of the argument could be eliminated by a trial judge's instruction to the jury to disregard the improper argument. *Living Ctrs. of Tex. Inc. v. Penalver*, 256 S.W.3d 678, 680–81 (Tex. 2008) (per curiam).

To prevail on a curable improper jury argument claim, the appellant must demonstrate that (i) an improper jury argument was made; (ii) the argument was not invited or provoked; (iii) a complaint about the argument was preserved by proper objection or other predicate; and (iv) the improper argument was not curable by instruction, prompt withdrawal of statement, or reprimand by court. *See Wal-Mart Stores v. Bishop*, 553 S.W.3d 648, 676 (Tex. App.—Dallas 2018, *pet. granted, aff'd as modified w.r.m.*)[1]

In rare cases, an improper argument is considered incurable, and a contemporaneous objection is not required. *PopCap Games*, 350 S.W.3d at 721.  A complaint of incurable jury

---

[1] Hopkins concedes that any argument concerning curable improper argument was not preserved for appeal.

argument may be asserted and preserved in a motion for new trial. *See* TEX. R. CIV. P. 324(b)(5); *Nguyen v. Myers*, 442 S.W.3d 434, 442 (Tex. App.—Dallas 2013, no pet.).

An improper jury argument is incurable when it is so inflammatory and prejudicial that its harmfulness could not be eliminated by instructing the jury to disregard it. *Id.*

"The party claiming incurable harm must persuade the court that, based on the record as a whole, the offensive argument was so extreme that a 'juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument.'" *Metrop. Transit Auth. v. McChristian*, 449 S.W.3d 846, 855 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009)). Incurable harm from such argument is rare. *Khan v. Chai Road, Inc.*, No. 05-16-00346-CV, 2017 WL 3015727, at *2–3 (Tex. App.—Dallas July 17, 2017, no pet.) (mem. op.).

Generally, incurable argument encompasses statements that "strike at the courts' impartiality, equality, and fairness" because they "inflict damage beyond the parties and the individual case under consideration if not corrected." *Living Ctrs. of Tex.*, 256 S.W.3d at 681. Instances of incurable jury argument include appeals to racial prejudice; unsupported charges of perjury; unsupported, extreme, and personal attacks on opposing parties and witnesses; and baseless accusations of witness tampering. *Metrop. Transit Auth.*, 449 S.W.3d at 855.

While Hopkins did not preserve her improper jury argument claims by making contemporaneous objections and obtaining rulings on the record at trial, her new trial motion included the improper jury argument claim she now asserts on appeal. We therefore must determine whether the complained-of argument was the type of "rare" argument that strikes "at the appearance of and the actual impartiality, equality, and fairness of justice rendered by courts," causing incurable harm to the complaining party and judicial system. *See Living Ctrs. of Tex.*, 256 S.W.3d at 681.

–4–

**B.**     **Was the complained-of argument incurable?**

No. The argument was not incurable in context because the trial judge—who observed the entire trial—could have reasonably concluded on this record that (i) the comment was not so extreme and unsupported as to strike at the core of the judicial process and (ii) was not so inflammatory and prejudicial that its harmfulness could not have been eliminated by an instruction from the court.

Hopkins argues that Phillips's counsel violated the Texas Disciplinary Rules and his argument was so prejudicial that it could not be cured by an instruction to disregard, prompt withdrawal of the statement, or a reprimand from the court. "Unsubstantiated attacks on the integrity or veracity of a party or counsel" has been cited as a type of jury argument that is deemed incurable. *See Gardner Oil v. Chavez*, No. 12-10-00274-CV, 2012 WL 1623420, at \*9 (Tex. App.—Tyler May 9, 2012, no pet.) (mem. op.); *American Petrofina, Inc. v. PPG Industries, Inc.*, 679 S.W.2d 740, 755 (Tex. App.—Fort Worth 1984, writ dism'd by agr.); *see also Living Ctrs.*, 256 S.W.3d at 681 (unsupported, extreme, and personal attacks on opposing parties and witnesses can compromise the premise that a trial provides impartial, equal justice).

But on this record, we cannot conclude that the argument was without context or was so extreme that it struck "at the very core of the judicial process." *See Phillips v. Bramlett*, 288 S.W.3d at 883. Specifically, the argument was made in response to Hopkins's counsel's pledge to the jury during voir dire to be "100-percent accurate and truthful" and his statement that he would own it if he wasn't. And Hopkins's counsel rebutted Phillips's argument and thus had the opportunity to mitigate any harmful effects he thought the argument might have.

And while both counsel could have been more professional and respectful[2], we cannot conclude that the "probability that the argument caused harm is greater than the probability that the verdict was grounded on the proper proceedings and evidence." *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839 (Tex. 1979).

Specifically, the amount of damages was the sole issue in this case. Past medical damages were not requested in the jury charge, and no medical records or bills for past medical treatment were admitted into evidence. Evidence of past injuries was limited to Hopkins's and Gueta's testimony. Lost wages evidence consisted of only two pages of pre-injury pay stubs for Hopkins and no wage documentation for Gueta. During closing argument, Hopkins's counsel requested damages for past and future pain and mental anguish, past and future physical impairment, future medical expenses, and future earnings and suggested $499,000 for Gueta and $665,000 for Hopkins. Phillips's counsel pointed out inconsistencies in the evidence and suggested only a few thousand dollars total based on the lack of evidence. The jury returned a verdict awarding $6,000 to Gueta and $11,000 to Hopkins.

The jury, having seen and heard the evidence, rejected the damage amounts proposed by both sides and awarded $6,000 to Gueta and $11,000 to Hopkins. Although the damages were at the low end the jury's failure to adopt the amounts requested by either side demonstrates that the jury exercised independent thought in light of the evidence.

---

[2] At one point, outside the presence of the jury, the trial judge commented that Hopkins's counsel needed to be more respectful to the court and opposing counsel.

Because there is no basis for concluding that the argument was so unsupported and extreme as to strike at the core of the judicial process or that the average juror would have been persuaded to vote differently as a result of the argument, Hopkins's sole issue is overruled.


/Bill Whitehill/
BILL WHITEHILL
JUSTICE


181143F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KATHERINE HOPKINS AND
CHRISTOPHER GUETA, Appellants

No. 05-18-01143-CV      V.

ROBERT MICHAEL PHILLIPS, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-13853.
Opinion delivered by Justice Whitehill.
Justices Burns and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee ROBERT MICHAEL PHILLIPS recover his costs of this
appeal from appellants KATHERINE HOPKINS AND CHRISTOPHER GUETA.

Judgment entered October 29, 2019.